IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM PUMPHREY**,

        Petitioner,

v.

        Civil No.: 1:16cv199
        (JUDGE KEELEY)

**TERRY O'BRIEN,** Warden

        Respondent.

## **REPORT AND RECOMMENDATION**

### I. Procedural History

On October 21, 2016, William Pumphrey ("Petitioner") filed a *pro se* Petition for Writ of Habeas Corpus against Warden Joe Coakley ("Respondent") pursuant to 28 U.S.C. § 2241 together with a Motion for Leave to Proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. On October 25, 2016, the Petitioner was granted leave to proceed IFP. ECF No. 5. On that same day, the undersigned issued an Order to Show Cause allowing Respondent 21 days from the date of the order to identify the reasons why the petition should not be granted. ECF No. 6. On December 6, 2016, following an extension of time, the Respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment and a Response to Order to Show Cause. ECF No. 12. On December 7, 2016, the undersigned issued a Roseboro Notice. ECF No. 16. The Petitioner filed a Response in Opposition on December 22, 2016. ECF No. 19. On February 2, 2017, the Petitioner filed a Motion Requesting Ruling. ECF No. 20. Also pending is the Petitioner's Motion to Amend Submitting Additional Evidence [ECF No.

1

21] and a Notice of Intent to File Writ of Prohibition/Mandamus in this matter. ECF No. 22.

## II. Facts

On March 22, 2007, the Petitioner was arrested by federal authorities in Albuquerque, New Mexico pursuant to fugitive charges originating from the state of Arizona. ECF No. 13-1, ¶ 3. The Petitioner was transferred to the exclusive custody of state authorities in Mojave County, Arizona on June 22, 2007. Id., ¶ 4. An order was issued on January 2, 2008, in the Superior Court, Mojave County, Arizona releasing the Petitioner from custody. Id., ¶ 5. On February 1, 2008, the Petitioner was sentenced in the Mojave County Superior Court to a 195-day term of imprisonment and two years probation. Id., ¶ 6.The time the Petitioner spent in the custody of state authorities from June 22, 2007, through January 2, 2009, was credited as time served on his 195-day state sentence, and the Court held that the Petitioner's sentence was satisfied. Id.

On June 25, 2009, a six-count indictment was returned against the Petitioner in the United States District Court for the District of New Mexico. See Criminal Docket for Case #: 1:09-cr-01746. All counts of the indictment involved Receipt of Visual Depiction of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. §§ 2252(a)(2), 2252(B)(1) and 2256. The Petitioner was arrested in Salt Lake City Utah on August 31, 2009. On September 25, 2009, an Oral Order of Temporary Detention was entered, and on September 28, 2009, an Order of Detention was entered. On May 5, 2010, the Petitioner signed a Plea Agreement by which he agreed to plead guilty to Count Two of the indictment, and the remaining counts would be dismissed at the time of sentencing. The plea hearing was conducted that same date. The Petitioner's sentencing hearing

was conducted on January 20, 2011. The Petitioner was committed to the custody of the Bureau of Prisons ("BOP") for a total term of 120 months.

On November 9, 2011, a two-count indictment was returned against the Petitioner in the United States District Court for the District of Utah, Central Division. See Criminal Docket for Case 2:11-cr-00937-TS-1. Count One charged the Petitioner with Production of Child Pornography in violation of 18 U.S.C. § 2251(a). Count Two charged the Petitioner with Possession of Child Pornography in violation of 18 U.S.C. § 2252(A)(a)(5)(B). Although the Petitioner was already "detained" by virtue of his imprisonment with the BOP, he was ordered detained pending trial. On March 18, 2013, the Petitioner's Motion to Dismiss with Prejudice Pursuant to Violation of Speedy Trial Act was granted in part and denied in part. More specifically, the Court dismissed the Indictment but did so without prejudice.

On March 27, 2013, an indictment was again returned against the Petitioner in the United States District Court for the District of Utah, Central Division. See Criminal Docket for Case # 2:13-cr-00197-CW-1. In fact, it is the same indictment originally returned in Case # 2:11-cr-037-TS-1, charging the Petitioner with Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On May 22, 2013, a Superseding Indictment was returned against the Petitioner. Count One charged the Petitioner with Production of Child Pornography in violation of 18 U.S.C. § 2251(a). Count Two charged the Petitioner with Distribution and Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b). Count Three charged the Petitioner with Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On June 6, 2014, the Petitioner

entered a plea of guilty to Count Two of the Superceding Indictment. The Petitioner indicated that he wished to be sentenced that same day and waived the preparation of a presentence report. Accordingly, the Petitioner was committed to the custody of the BOP for a total term of 120 months, to run concurrently with the term imposed in the District of New Mexico. The Judgment also contained the following recommendation to the BOP: "the defendant to be designated to the facility in Petersburg, VA, or another medical facility able to treat his condition; the defendant receive credit for time served on this matter, including the time served on case 2:11cr00937-TS."[1] Case 2:13-cr-00197-CW ECF No. 57 at 2.

Following the direction of 18 U.S.C. § 3584(c) requiring multiple terms of imprisonment to "be treated for administrative purposes as a single, aggregate term of imprisonment," the BOP has aggregated the Petitioner's two federal sentences to form a single term of 12 years, 4 months and 17 days. ECF No. 13-1, ¶¶ 11-12. See 18 U.S.C. § 3584(c). With 602 days of prior custody credit for time spent in official detention from March 22, 2007, through June 21, 2007, and from August 28, 2009, through January 19, 2011, the Petitioner's projected release date via good conduct time release is April 30, 2020.

### III. The Pleadings

A. The Petition

The Petitioner alleges that the Bureau of Prisons ("BOP") has unlawfully computed his sentence by not starting both his federal sentences on August 28, 2009,

---

[1] This is the original case filed in Utah on November 9, 2011, and dismissed without prejudice on March 18, 2013.

4

the day he was arrested by federal authorities in Salt Lake City, Utah. For relief, the Petitioner requests that the Court order the BOP to release him on August 28, 2017.

B. Respondent's Motion and Memorandum

In response to Petitioner's claims, Respondent argues that it is the BOP, and not the courts, that determines when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody. In addition, the Respondent argues that a sentence cannot commence prior to the date it is pronounced even if it is to be concurrent to a sentence already being served. Finally, the Respondent argues that in compliance with BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984, pages 1-33), the BOP aggregated the Petitioner's federal sentences into one computation, to create one release date.

C. Petitioner's Reply

In his reply, the Petitioner expounds on his argument that the BOP has improperly calculated his sentence. In particular, the Petitioner argues hat he has remained in constant federal custody since August 28, 2009, when he was arrested by federal authorities in Salt Lake City Utah. He also calls the Court's attention to the sentencing transcript from the District of Utah and the Judgment and Commitment Order from that district. The Petitioner maintains that it was that Court's intent to credit him with time as sanctions for the government's violation of his speedy trial guarantees. The Petitioner further notes that the Judgment and Commitment from the District of Utah "reflects <u>Exactly</u> the Court's intent and <u>Exactly</u> what the Petitioner, his defense counsel, and the government agreed upon – and expected – in the resolution of his case." ECF No. 19 at 4 (emphasis in original).

## IV. Standard of Review

A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive

6

dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

B. Motion for Summary Judgment

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of

summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. <u>Anderson</u>, 477 U.S. at 248-49.

## V. Analysis

Review of the present petition must start with the general premise that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentences to be served." 18 U.S.C. § 3585(a). Thus, under the express terms of the statute, a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served. See <u>e.g.</u>, <u>United States v. LaBeille-Soto</u>, 163 F,3d 93, 98 (2nd Cir. 1998) ("We see nothing in [§ 3583(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to a sentence that is to be served, and we have held that after a defendant is sentenced it falls on the BOP, not the district judge, to determine when a sentence is deemed to commence[.]" (internal quotations and brackets omitted); <u>Shelvey v. Whitfield</u>, 718 F.2d 441, 444 (D.C. Cir. 1983) ("[A] federal sentence made concurrent with a sentence already being served does not operate in a "fully concurrent"

8

manner. Rather, the second sentence runs together with the remainder of the one being served"); DeMartino v. Thompson, No. 96-6322, 1997 WL 362260 at *2 (10th Cir. July 1, 1997) ("logistically, a [federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served."). Therefore, an inmates federal sentence cannot commence prior to its imposition. 18 U.S.C. § 3585 (a). Furthermore, the United States Supreme Court has recognized that the Bureau of Prisons has the authority and is responsible for determining when a federal prisoner's sentence commences and expires, and how to apply the credit to a prisoner's federal sentence for both prior custody and good conduct. United States v. Wilson, 503 U.S. 329, 334 (1992).

The Attorney General, through the Federal Bureau of Prisoners, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence**.

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 774 (4th Cir. 1992) ( Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his

9

sentence commences unless it is been credited against another sentence); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995) ( credit is only available for time spent in custody which has not been credited against another sentence).

Also relevant to this matter is 18 U.S.C. § 3584(c) which governs how to calculate a sentence when multiple terms of imprisonment are ordered to run consecutively or concurrently. Specifically, the section of the code provides that such terms "shall be treated for administrative purposes as a single, aggregate term of imprisonment."  See also Program Statement 5880.20, Sentence Computation Manual CCCA of 1984).

In the instant case, the BOP first improperly aggregated the Petitioner's sentence by preparing a sentence computation for the Petitioner based on a 12-year, 4-month, and 17-day aggregate term of imprisonment beginning January 20, 2011, with 797 days of prior custody credit. The 797 days included time spent in official detention from March 22, 2007, through June 21, 2007, and from August 28, 2009, through January 19, 2011. This computation erroneously included prior custody credit for time credited toward the Petitioner's 195-day term of imprisonment served in the state of Arizona.  While the Petitioner was initially arrested and in the custody of federal authorities for a short period of time prior to being transferred to state authorities in Arizona, the BOP erroneously included all of this time in the Petitioner's sentence computation.

However, following review of the Petitioner's present action, the BOP has prepared an updated sentence computation for him  in accordance with 18 U.S.C. § 3584(c) and the procedures outlined in Program Statement 5880.28, Sentence

Computation Manual (CCCA of 1984). The BOP's updated sentence computation is properly based on a 12-year, 4-month, 17-day aggregate term of imprisonment beginning January 20, 2011, with 602 days of prior custody credit for time spent in official detention from March 2007, through June 21, 2007, and from August 28, 2009, through January 19, 2011.

In this case, the Petitioner was sentenced to 120-months imprisonment by the District of New Mexico on January 20, 2011. This is the earliest date the Petitioner's sentence may commence. Furthermore, the Petitioner was subsequently sentenced to a 120-month term of imprisonment by the District of Utah on June 6, 2013. This Court acknowledges that the sentence imposed by the District of Utah was ordered to operate concurrently to the sentence imposed by the District of New Mexico. However, because the sentences were imposed on different dates, and June 6, 2013, is the earliest date the District of Utah sentence can commence, the Petitioner's sentences can only run concurrently from that date. Therefore, the BOP has properly aggregated the Petitioner's sentence based on the difference between each sentence's date of imposition.

In his pending motion to amend [ECF No. 20], the Petitioner seeks to submit additional evidence in support of his petition. Specifically, he has submitted the first page of his Judgment in the New Mexico case which indicates that the judgment was imposed on January 20, 2011. In addition, he has submitted an Inmate Skills Development Plan which indicates that his controlling sentence began January 20, 2011. It also indicates that as of March 1, 2017, he had served seven years, nine months and 5 days and had been awarded 602 days of jail credit. ECF No. 21-2 at 1.

Petitioner continues to argue that he was arrested for both the New Mexico and Utah offense in August 28, 2009, and has remained in custody ever since. The Petitioner continues to argue that he has received no credit for the time in custody between August 28, 2009, and January 20, 2011, a period of roughly 17 months by his calculation. In addition, he continues to argue that the District Judge in Utah ordered credit for time served in addition to running his sentence concurrent to the sentence from the District of New Mexico.

While this Court appreciates that the sentence calculations are confusing, the Petitioner is simply wrong in his assertions. The Declaration of Forrest Kelly [ECF No. 13-1], and the attachments thereto clearly establish that the Petitioner has been given jail credit for the period from March 22, 2007, through June 21, 2007, and from August 28, 2009, the date he was arrested for the federal charges through January 19, 2011, the day before his sentence was imposed by the District of New Mexico, for a total of 602 days of prior credit. ECF No. 12-1 at 63-64. Moreover, although there is no question that the District Judge in Utah recommended that the Petitioner receive credit for the time served on that matter, including the time served on case 2:11cr00937-TS, that recommendation could not be honored by the BOP, because it would violate the mandates of 18 U.S.C. § 3585(b).

### VI. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss or for Summary Judgment **[ECF No. 12]** be **GRANTED**, and that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[ECF No. 1]** be **DISMISSED WITH PREJUDICE**. The undersigned further

**RECOMMENDS** that the Petitioner's Motion Requesting Ruling [ECF No. 20] and Motion to Amend [ECF No. 21] be **GRANTED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record via electronic means and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 11, 2017

/s Michael John Aloi
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE