```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**WILLIAM C. PUMPHREY,**

    **Petitioner,**

**v.**                                **CIVIL ACTION NO. 1:16CV199**
                                                  **(Judge Keeley)**

**JOE COAKLEY,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 23], GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 12], AND DENYING
AND DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

On October 1, 2016, the petitioner, William C. Pumphrey ("Pumphrey"), filed the pending Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), contending that the Bureau of Prisons ("BOP") unlawfully calculated his sentence. Pursuant to 28 U.S.C. § 636 and LR PL P 2, the Court referred the Petition to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review. Now pending for review is the magistrate judge's report and recommendation ("R&R") recommending that the Court deny and dismiss the Petition (Dkt. No. 23). For the reasons that follow, the Court **ADOPTS** the R&R.

## I. BACKGROUND

Pumphrey's Petition challenges the BOP's calculation of his sentence with regard to two separately imposed terms of

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 23], GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 12], AND DENYING
AND DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

incarceration.[1] On August 28, 2009, the United States Marshals Service ("USMS") arrested Pumphrey in Salt Lake City, Utah, in connection with an indictment returned against him in the District of New Mexico (D.N.M., Crim. Action No. 1:09cr01746). On May 5, 2010, Pumphrey pleaded guilty in the District of New Mexico to one count of Receipt of Visual Depiction of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(2), 2252(B)(1), and 2256 (D.N.M., Crim. Action No. 1:09cr01746, Dkt. No. 43). Thereafter, on January 20, 2011, the district court sentenced Pumphrey to a 120-month term of incarceration (D.N.M., Crim. Action No. 1:09cr01746, Dkt. No. 64).

While Pumphrey was serving that sentence, a grand jury in the District of Utah returned an indictment on November 9, 2011, charging him with additional child pornography offenses (D. Utah, Crim. Action No. 2:11cr937, Dkt. No. 1). On March 18, 2013, the district court in Utah dismissed that indictment without prejudice based on a violation of the Speedy Trial Act (D. Utah, Crim. Action No. 2:11cr937, Dkt. No. 56).

---

[1] The R&R contains a thorough discussion of the facts relevant to the entirety of Pumphrey's sentence calculation (Dkt. No. 23 at 2-4).

**PUMPHREY V. COAKLEY** 1:16CV199

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23], GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 12], AND DENYING AND DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

Shortly thereafter, on March 27, 2013, another grand jury in the District of Utah returned an indictment against Pumphrey, and also a superseding indictment on May 22, 2013 (D. Utah, Crim. Action No. 2:13cr197, Dkt. Nos. 1; 25). Pumphrey eventually pleaded guilty to one count of Distribution and Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (b) on June 6, 2013. He waived the preparation of a presentence report and requested that the district court sentence him that same day (D. Utah, Crim. Action No. 2:13cr197, Dkt. No. 54). The district court sentenced Pumphrey to a 120-month term of imprisonment, to run concurrently with the 120-month term previously imposed in the District of New Mexico (D. Utah, Crim. Action No. 2:13cr197, Dkt. No. 57 at 1-2). The district court also recommended to the BOP that Pumphrey receive credit for time served in connection with the matter, including the related case that had been dismissed. Id. at 2.

Pursuant to 18 U.S.C. § 3584, the BOP aggregated Pumphrey's two sentences into a single term of 12 years, 4 months, and 17 days, finding it began to run when the District of New Mexico imposed its sentence on January 20, 2011 (Dkt. No. 13-1 at 2). The

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 23], GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 12], AND DENYING
AND DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

BOP also gave Pumphrey credit for the time he spent in official custody prior to that date, including from August 28, 2009, the date of his arrest on charges in the District of New Mexico, until January 19, 2011, the day prior to his sentencing in the District of New Mexico. Assuming that Pumphrey is eligible to receive good time credit, the BOP projects he will be released on April 30, 2020. Id. at 2-3.

Pumphrey argues that the BOP calculated his sentence incorrectly (Dkt. No. 1 at 6). He contends that, because the District of Utah intended its sentence to run concurrently with the sentence imposed by the District of New Mexico, the term of incarceration imposed in 2013 should have begun on the date when his term of incarceration in New Mexico was first imposed in 2011. This would result in a ten-year aggregate term, rather than the longer twelve-year plus term calculated by the BOP, and would be further reduced by prior custody credit from Pumphrey's initial arrest in August 2009. Based on this, Pumphrey maintains that his sentence would be fully discharged in 2019. Id. According to the respondent warden, Joseph Coakley ("Coakley"), the BOP properly

**PUMPHREY V. COAKLEY**                                    **1:16CV199**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 23], GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 12], AND DENYING
AND DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

calculated Pumphrey's aggregate term of imprisonment (Dkt. Nos. 12; 13).

In an R&R dated May 11, 2017, Magistrate Judge Aloi recommended that the Court grant Coakley's motion for summary judgment and dismiss the Petition (Dkt. No. 23). Beginning with the well-settled principle that a federal sentence cannot commence earlier than the date on which it is imposed, he further reasoned that 18 U.S.C. § 3585(b) precludes the BOP from applying the same prior time credit to more than one sentence. Id. at 8-9. Therefore, Magistrate Judge Aloi concluded that, regardless of the District of Utah's intent, the BOP properly calculated the beginning of Pumphrey's second 120-month term of incarceration on June 6, 2013, the date it was imposed, and properly applied prior custody credit to Pumphrey's aggregate term of incarceration. Id. at 11. Pumphrey timely objected to the R&R on May 18, 2017. A discussion of those objections follows.

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R pursuant to 28 U.S.C. § 636, the Court must review de novo only those portions of the R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C).

**PUMPHREY V. COAKLEY**                                                  **1:16CV199**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 23], GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 12], AND DENYING
AND DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellaciprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### III. DISCUSSION

Pumphrey argues that the BOP improperly calculated his term of imprisonment despite the fact that "[p]etitioner's attorney, the judge, and the A.U.S.A. went to extraordinary lengths to put on record the intent of the plea agreement that Petitioner's time was to [be] served concurrent [sic] with that of New Mexico and that he was to be given credit for the time he spent in detention in Utah" (Dkt. No. 25 at 2). "[H]e cannot agree that the BOP has some power above and beyond a judge's intentions when sentencing to completely go against said intentions." Id.

Although Pumphrey may disagree, Magistrate Judge Aloi fully and fairly addressed this argument. Even though the District of

**PUMPHREY V. COAKLEY**                                           **1:16CV199**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 23], GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 12], AND DENYING
AND DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

Utah ordered its sentence to run concurrently with the sentence imposed in the District of New Mexico, the District of Utah's sentence could not begin, and thus could not begin to run concurrently, until the date it was imposed. See 18 U.S.C. § 3585(a). Moreover, because the BOP is responsible for computing the length of Pumphrey's sentence, the District of Utah's intent regarding credit for time served simply is not controlling. Statutory law precludes the BOP from applying prior custody credit to more than one sentence in the manner asserted by Pumphrey (Dkt. No. 23 at 8-9). See 18 U.S.C. § 3585(b).

In the face of this reasoning, Pumphrey asserts, for the first time, that his "plea was not voluntarily, intelligently, and knowingly entered into," and that he should be permitted to withdraw it (Dkt. No. 25 at 3). This Court lacks the authority to consider such a request, however. After sentencing, such relief may be sought only on direct appeal or collateral attack. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007) (citing Fed. R. Crim. P. 11(e)). Thus, the proper avenue for collaterally attacking one's conviction is a motion pursuant to 28 U.S.C. § 2255. Rice v.

7

**PUMPHREY V. COAKLEY**                                         **1:16CV199**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 23], GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 12], AND DENYING
AND DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

Rivera, 617 F.3d 802, 807 (4th Cir. 2010); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

Only in limited circumstances, when § 2255 is an "inadequate or ineffective remedy," does § 2255's savings clause permit petitioners to bring a collateral attack pursuant to § 2241. In re Vial, 115 F.3d at 1194 n.5; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). In the Fourth Circuit, a petitioner may establish "that § 2255 is inadequate or ineffective to test the legality of a conviction" if he can prove the following:

> (1) [A]t the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Essentially, a prisoner must have "had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law." Rice, 617 F.3d at 807. Because Pumphrey does not rely on a change in the law, much less one that meets the criteria articulated in In re Jones, he cannot seek to withdraw his plea under § 2241.

8

**PUMPHREY V. COAKLEY**                                                1:16CV199

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23], GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 12], AND DENYING AND DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

### IV. CONCLUSION

For the reasons discussed, following <u>de novo</u> review of Pumphrey's specific objections, and finding no clear error in those portions of the R&R not specifically objected to, the Court:

1) **OVERRULES** Pumphrey's objections (Dkt. No. 25);

2) **ADOPTS** the R&R in its entirety (Dkt. No. 23);

3) **GRANTS** the respondent's motion for summary judgment (Dkt. No. 12);

4) **GRANTS** Pumphrey's motion requesting ruling (Dkt. No. 20);

5) **GRANTS** Pumphrey's motion to amend (Dkt. No. 21); and

6) **DENIES** and **DISMISSES WITH PREJUDICE** the Petition (Dkt. No. 1).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the <u>pro se</u> petitioner, certified mail and return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: June 21, 2017.

                                          /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE